THE ATTORNEY GENERAL
OF TEXAS
ATTORNEY GENERAL


September 27, 1971

Honorable Jesse James
State Treasurer
Treasury Department
131 State Finance Building
Austin, Texas   78711

Opinion No. M-962

Re:   Whether the Parks and
      Wildlife Commission has
      by certain acts properly
      delegated certain of its
      officers to deposit and
      withdraw funds from the
      State Treasury.

Dear Mr. James:

        You state in your letter requesting an opinion from
this Office the following circumstance:

        "Enclosed is a copy of an excerpt from
        Minutes of the Parks and Wildlife Commission
        that has been furnished this office relative
        to the authorization of officials and employees
        of the Parks and Wildlife Commission to sign
        vouchers and other documents in reference to
        the deposit and expenditure and investment of
        funds belonging to that department and de-
        posited in this office.

        "It will be appreciated if you will advise
        this office by official opinion as to whether
        the Parks and Wildlife Commission, by these
        acts, has properly designated Mr. James U. Cross,
        Executive Director, and Mr. Clayton T. Garrison,
        Director of Finances and Data Processing, as
        the persons who have the authority to request
        and order the deposit and expenditure of any
        funds placed either with or in the State
        Treasury."

        A study of the statutes establishing the Parks and
Wildlife Commission and delimiting its powers and duties, Article
978f-3a, Vernon's Penal Code, does not reveal the imposition of
Robert's Rules of Order on the functioning of that Commission.
Furthermore, except as indicated in Article 4386b, Vernon's
Civil Statutes, infra, concerning the Special Game and Fish
Fund, the Executive Director of the Department has ample power

-4707-

to handle the affairs of the Department and delegate such financial authority as he might, subject to the will of the Commission.

The only specific verification required in the statutes relating to the State Treasurer and applicable also to the Parks and Wildlife Commission is found in Section 6 of Article 4386b, Vernon's Civil Statutes.  This section concerns the Special Game and Fish Fund and reads as follows:

> "All expenditures made by said Commission out of Special Game and Fish Fund shall be verified by affidavit to the Game, Fish and Oyster Commission and on the approval of such expenditures by the Executive Secretary of said Commission, it shall be the duty of the Comptroller of the State to draw his warrant on the Treasurer of the State for the amount of such expenditure in favor of the person claiming the same, such warrant to be paid out of the Special Game and Fish Fund."   (Emphasis added.)

The approval required in this statute is made known to the Comptroller who, in turn, draws his warrant on the State Treasurer.  We find nothing in this which would permit the Treasurer as a prelude to deposit or payment to require notice to him of any action taken by the Parks and Wildlife Commission.  In fact, Articles 4353-4359, incl., Vernon's Civil Statutes, set out in detail what the State Comptroller may require in the way of forms, authorization and verification for payment or deposit of State monies.  Article 6252-5, Sec. 1, Vernon's Civil Statutes of Texas, provides in some detail what proof of authorization is required of administrative bodies in the designation of certain officers to approve vouchers for payment.  Such authorization "shall be filed with the Comptroller of Public Accounts."  (Emphasis added.)

The State Treasurer is authorized by Article 4359, supra, to countersign warrants after receipt from the Comptroller, together with a copy of the warrant register.  This authority implies a certain responsibility for the correctness of what is signed.  The extent of this responsibility is suggested by Article 4357, supra, which reads, in part, as follows:

> "No warrant shall be drawn against an appropriation of a special fund unless there is

sufficient cash money in the fund in the State Treasury to pay such warrant, and no warrant, general or special, shall be released or delivered to the Comptroller unless there is sufficient balance in the appropriation against which the warrant is drawn to pay such warrant."

It has previously been held that the State Treasurer may not be required to pay warrants, when, in his judgment, to do so would violate some constitutional provision. Corsicana Cotton Mills vs. Sheppard, 123 Tex. 352, 71 S.W.2d 247 (1934). Nevertheless, we conclude that, on its face, the question as presented does not involve constitutional considerations.

As a consequence, this office is of the opinion that, based upon the facts and circumstances presented, only the State Comptroller may require proof of authorization of officials and employees of the Parks and Wildlife Commission to sign vouchers and other documents in reference to the deposit and expenditure and investment of funds belonging to that Department and deposited in the State Treasury.

## SUMMARY

Based upon the facts and circumstances presented, only the State Comptroller may require proof of authorization of officials and employees of the Parks and Wildlife Commission to sign vouchers and other documents in reference to the deposit and expenditure and investment of funds belonging to that Department and deposited in the State Treasury.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James H. Quick
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Houghton Brownlee, Jr.
Bob Lattimore
Dick Chote
John Reeves

SAM McDANIEL
Acting Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant